UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Joseph Daryll Rued *et al.*, | Case No. 24-cv-1763 (JMB/TNL) |
| Plaintiffs, | |
| v. | **ORDER** |
| Jaykumar Jayswal *et al.*, | |
| Defendants. | |

---

This matter comes before the Court on two motions to amend the Amended Complaint filed by Plaintiffs Joseph Daryll Rued; W.O.R., a minor child; Scott Daryll Rued; and Leah Jean Rued. ECF Nos. 12, 14. Joseph, Scott, and Leah (collectively, "Rueds") are all *pro se*.[1]

Under Rule 15 of the Federal Rules of Civil Procedure, "a party may amend its pleading once as a matter of course." Fed. R. Civ. P. 15(a)(1). The Rueds previously elected to amend their Complaint as a matter of course. *See generally* Am. Compl., ECF No. 3. As such, the Rueds may amend the Amended Complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should

---

[1] Joseph states that he is also acting on behalf of W.O.R. *See, e.g.*, Am. Compl. at 14, ECF No. 3; ECF No. 12 at 1; ECF No. 14 at 1. Joseph is again reminded that he "may not litigate *pro se* on behalf of [W.O.R.]" *Rued v. Hatcher*, No. 23-cv-2685 (NEB/DJF), 2023 WL 10409535, at *1 (D. Minn. Sept. 7, 2023). As the Rueds were previously told in an earlier filed case:

> "Non-attorney parents cannot litigate *pro se* on behalf of their minor children, even if the minors cannot then bring the claim themselves." *Crozier for A.C. v. Westside Community School Dist.*, 973 F.3d 882, 887 (8th Cir. 2020) (citation omitted). The Rueds are not authorized to practice law, so they may not litigate *pro se* on behalf of the child in this matter.

*Id.*

1

freely give leave when justice so requires." *Id.*

As best as this Court is able to tell and based on the underlining in the respective proposed Second Amended Complaints, the Rueds' motions to amend seek to formally name a defendant, Natalie Hudson, who had been included in the Amended Complaint but not specifically named as a defendant. *See* ECF No. 12 at 1 (seeking to add Hudson); ECF No. 14 at 1 (same); *compare* ECF No. 13 at 19, ECF No. 14-1 at 19 *with* Am. Compl., ECF No. 3 at 7, 11, 12 (referencing Hudson). The Rueds served both motions on Defendants. *See generally* ECF Nos. 12-1, 14-2. No response was filed.

Accordingly, the Court will grant the Rueds leave to file their Second Amended Complaint. The Court finds the first motion to amend, ECF No. 12, moot in light of the second motion to amend, ECF No. 14. The Court grants the second motion to amend, ECF No. 14, and the proposed Second Amended Complaint, ECF No. 14-1, shall be the operative pleading in this matter. The Clerk of Court will be directed to docket the document at ECF No. 14-1 as the Second Amended Complaint.

Lastly, the Rueds are advised that their *pro se* status does not excuse them from complying with all applicable rules, laws, orders of the Court, and the like in this case.[2] *See, e.g.*, *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (*pro se* status does not entitle litigant to disregard Federal Rules of Civil Procedure or court's local rules); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th

---

[2] The Court encourages the Rueds to review the resources available on the Court's website for litigants who are representing themselves, "Representing Yourself," https://www.mnd.uscourts.gov/representing-yourself.

Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law."). While Court has excused strict compliance with Local Rules 7.1 (civil motion practice) and 15.1 (amended pleadings and motions to amend) in this instance in light of the Rueds' *pro se* status and substantial compliance, the Rueds are cautioned that a future failure to follow all applicable rules and orders of the Court may result in their motions being summarily denied and the imposition of additional remedies and sanctions, up to and including dismissal of this case, as may be appropriate

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. The Rueds' first motion to amend, ECF No. 12, is **MOOT**.

2. The Rueds' second motion to amend, ECF No. 14, is **GRANTED**.

3. The proposed Second Amended Complaint, ECF No. 14-1, shall be the operative pleading in this matter.

4. The Clerk of Court is directed to docket the document at ECF No. 14-1 as the Second Amended Complaint.

5. All prior consistent orders remain in full force and effect.

[Continued on next page.]

6. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: June __24__, 2024  *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Rued et al. v. Jayswal et al.*
Case No. 24-cv-1763 (JMB/TNL)