UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSEPH DARYLL RUED; W.O.R., *a minor child*; SCOTT DARYLL RUED; and LEAH JEAN RUED, | Civil No. 24-1763 (JRT/TNL) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER DISMISSING FOR LACK OF JURISDICTION** |
| JAYKUMAR JAYSWAL, LESLEY KARNES, ANNE GEARITY, JUDY WEIGMAN, NANCY BRASEL, BOBBY SHEPHERD, LEANARD STEVEN GRASZ, DAVID R. STRAS, RENEE L. WORKE, ROGER M. KLAPHAKE, JON SCHMIDT, MIKE FURNSTAHL, CHARLENE HATCHER, RICHARD A. STEBBINS, NELSON L. PERALTA, CHRISTIAN M. SANDE, CHARLES WEBBER, CARRIE LENNON, RYAN KUFFEL, JULIE SWANSON, SUZANNE ARNSTON, HENNEPIN COUNTY HUMAN SERVICES AND PUBLIC HEALTH DEPARTMENT, SCOTT COUNTY HEALTH AND HUMAN SERVICES, MINNESOTA DEPARTMENT OF HUMAN SERVICES, JAMIE PEARSON, and NATALIE E. HUDSON, | |
| Defendants. | |

Joseph Daryll Reed, W.O.R., Scott Daryll Rued, and Leah Jean Rued, 9007 Avila Cove, Eden Prairie, MN 55347, *pro se* Plaintiffs.

Daniel D. Kaczor and David Gorski, **HENNEPIN COUNTY ATTORNEY'S OFFICE**, 300 South Sixth Street, Suite A2000, Minneapolis, MN 55487, for Defendants Jaykumar Jayswal and Hennepin County Human Services and Public Health Department.

Ashley Marie Ramstad and Susan M. Tindal, **IVERSON REUVERS CONDON**, 9321 Ensign Avenue South, Bloomington, MN 55438, for Defendants Lesley Karnes, Ryan Kuffel, Julie Swanson, Suzanne Arnston, Scott County Health and Human Services, and Jamie Pearson.

Andrea Pavelka Hoversten and John B. Casserly, **GERAGHTY, O'LOUGHLIN, & KENNEY, P.A.**, 30 East Seventh Street, Suite 2750, Saint Paul, MN 55101, for Defendant Anne Gearity.

Shannon L. Bjorklund, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for Defendant Judy Weigman.

Gregory G. Brooker, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Defendants Nancy Brasel, Bobby Shepherd, Leanard Steven Grasz, and David R. Stras.

Alexander Robertson Sloan, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101, for Defendants Renee L. Worke, Roger M. Klaphake, Jon Schmidt, Mike Furnstahl, Charlene Hatcher, Richard A. Stebbins, Nelson L. Peralta, Christian M. Sande, Charles Webber, Carrie Lennon, and Natalie E. Hudson.

Mara Sybesma, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1400, Saint Paul, MN 55101, for Defendant Minnesota Department of Human Services.

Joseph Daryll Rued and Catrina Rued trudged through a contentious divorce and custody dispute in state court. Catrina emerged with sole custody of their child, W.O.R.— a result Joseph has been attempting to overturn ever since. This Court is now one of many that must wade through a cornucopia of motions—twenty-two and counting— stemming from Joseph's dissatisfaction with the state court proceedings. But because only the United States Supreme Court can review final decisions by state courts, this Court

lacks jurisdiction to hear this case. Accordingly, the Court will dismiss this action in its entirety with prejudice.

## BACKGROUND

### I. FACTS

To understand why the Court ultimately lacks jurisdiction, it is important to understand the basics of the state court proceedings that led to this action.

On September 9, 2016, Scott Rued and Leah Rued, who are the parents of Joseph Rued and grandparents of W.O.R., petitioned for third party custody of W.O.R. *See* Pet. for Custody, *In re the Matter of: Leah Jean Rued and Scott Daryll Rued vs Joseph D. Rued and Catrina M. Rued* ("*Custody Petition*"), No. 27-FA-16-6323 (Minn. Dist. Ct. Sept. 9, 2016).[1]

On September 12 and 13, 2016, Hennepin County received a report alleging that W.O.R. had been neglected, abused, and generally mistreated by Catrina Rued and her two other children. *See* Juvenile Protection Petition for Children in Need of Protection Services ("CHIPS Petition") at 5–6, *In the Matter of the Welfare of the Child of: Catrina Rued and Joseph Rued* ("*CHIPS-Petition Action*"), No. 27-JV-18-5395 (Minn. Dist. Ct. Dec. 6, 2018). The Eden Prairie Police Department investigated those allegations but

---

[1] Some, but not all, of the state court proceedings in this matter have been attached as exhibits to the Amended Complaint. However, because the Court may take judicial notice of state court proceedings, it cites directly to the state court dockets for consistency. *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)).

ultimately determined that there was not enough evidence to make a finding of maltreatment. *Id.* at 6–7.

On September 21, 2016, Catrina and Joseph Rued filed for divorce. *See* Pet. Dissolution Marriage, *In the Marriage of Catrina M. Rued and Joseph D. Rued* ("*Divorce Action*"), No. 27-FA-16-6630 (Minn. Dist. Ct. Sept. 21, 2016). While the divorce proceedings were ongoing, Hennepin County received several additional reports that Catrina and her other children were abusing W.O.R. *See* CHIPS Petition at 3–5, 8–10. Again, Hennepin County and law enforcement investigated the allegations and determined there was not enough evidence to make a finding of maltreatment. *See id.* at 2, 8–11.

Gathering all of this evidence, social worker Jaykumar Jayswal prepared and issued a CHIPS petition on behalf of the Hennepin County Human Services and Public Health Department on December 8, 2018. *See generally id.* In his petition, Jayswal determined that,

> There have been false accusations made against Ms. Rued and her other children . . . over the last two years, which have been investigated and never founded. Those allegations are believed to have been made by Mr. Rued and his parents, which has now established a pattern that they are making false allegations and causing [W.O.R.] to think he has been abused when he has not.

*Id.* at 3. Ultimately, the Petition concluded that W.O.R. was "in need of protection or services" not because of the allegations against Catrina, but because Joseph had

"conditioned [W.O.R.] to believe that he is a victim of sexual abuse" and to "develop negative feelings towards Ms. Rued and [W.O.R.'s] siblings, causing serious and lasting mental and emotional damage." *Id.* at 5, 12. After an agreement by the parties, however, the state court terminated the CHIPS Petition. *See* Order for CHIPS Adjudication and Protective Supervision at 1, *CHIPS-Petition Action* (Minn. Dist. Ct. June 12, 2019).[2]

But the question of custody over W.O.R. remained. In a trial presided over by Defendant Mike Furnstahl, a referee for Hennepin County's Family Court Division, Joseph Rued argued that Jayswal's statements in the CHIPS Petition were perjurious. (Am. Compl. ¶ 2, May 23, 2024, Docket No. 3.) Though he attempted to introduce evidence to prove that perjury, including calling Jayswal and Defendant Ryan Kuffel as witnesses and introducing Jayswal's deposition, referee Furnstahl denied his requests. (*Id.* ¶ 13.) Eventually, Furnstahl recommended, and Judge Nelson Peralta ruled, that Catrina Rued would have sole physical and legal custody over W.O.R., with Joseph only receiving certain unsupervised parenting time. August 2020 Order at 80, *Divorce Action*.

That custody determination was affirmed by the Minnesota Court of Appeals, and both the Minnesota Supreme Court and the United States Supreme Court denied petitions to hear the case. *Rued v. Rued*, No. A21-0798, 2022 WL 2298992, at *1 (Minn.

---

[2] Attached at Am. Compl. Ex. 6 at 265–72, May 23, 2024, Docket No. 4.

Ct. App. June 27, 2022), *review denied* (Sept. 28, 2022), *cert. denied*, 143 S. Ct. 1082 (2023).

Undeterred, Joseph Rued filed numerous actions in both state and federal court, creating a pattern of behavior state and federal courts alike have described as frivolous. *See Rued v. Rued*, Nos. A23-1444, A23-1467, 2024 WL 1987171, at *2 (Minn. Ct. App. Apr. 29, 2024), *review denied* (Aug. 6, 2024) (noting Rued has "pursued endless litigation in this matter and the district court has made hundreds of findings that demonstrate [his] arguments have no chance of success"), *cert. denied* ___ S. Ct. ___, 2025 WL 581638 (2025); *Rued v. Hatcher*, No. 23-2685, 2023 WL 10409535, at *1 (D. Minn. Sept. 7, 2023), *aff'd*, No. 23-3092, 2023 WL 10370349 (8th Cir. Oct. 10, 2023), *cert. denied*, 144 S. Ct. 2523 (2024) (taking note of state court findings of frivolity and characterizing the suit as one "against every state court judicial officer to come in contact with the custody proceedings").

Joseph Rued now tries to seek the same relief from this Court. The Court will not list every pending motion in this case, but Defendants all move to dismiss, while Plaintiffs respond with nearly a dozen responsive motions of their own. Magistrate Judge Tony N. Leung issued a report and recommendation ("R&R") recommending dismissal of this action in its entirety for lack of jurisdiction. (R. & R. at 17, Nov. 6, 2024, Docket No. 225.) Plaintiffs timely objected. (Pls.' Objs. to R. & R., Nov. 18, 2024, Docket No. 237.)

**DISCUSSION**

**I.   STANDARD OF REVIEW**

After a magistrate judge files an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).  For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R.  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).  Sometimes courts review general and conclusory objections for clear error. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994).  The Eighth Circuit instructs that clear error is appropriate when general and conclusory objections "make it difficult for the district court to focus upon the alleged errors if insufficiently directed by the parties."  *Id.* Because Plaintiffs make specific objections, the Court will conduct de novo review.

**II.   ANALYSIS**

Though the factual backdrop of this action is complicated, the law is not.

"The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments."  *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005) (internal quotation marks and citation omitted).

Here, as another court in this district has noted, "[t]he Rueds do not describe this action as an appeal, but that is what it is." *Rued v. Hatcher*, 2023 WL 10409535, at *2. Plaintiffs here are dissatisfied with the state court proceedings that awarded Catrina Rued sole legal and physical custody of W.O.R., and they ask this Court to overturn that decision. But the Court lacks the power to do so. *See Bechtold v. City of Rosemount*, 104 F.3d 1062, 1065 (8th Cir. 1997) (noting that "a litigant cannot circumvent *Rooker-Feldman* by recasting his or her lawsuit as a [42 U.S.C.] § 1983 action."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Accordingly, the Court will adopt the Magistrate Judge's R&R, overrule Plaintiffs' objections, and dismiss this action in its entirety for lack of subject matter jurisdiction.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Objections [Docket No. 237] to the Report and Recommendation are **OVERRULED**;

2. The Report and Recommendation [Docket No. 225] is **ADOPTED**;

3. Defendants' Motions to Dismiss [Docket Nos. 18, 74, 75, 83, 84, 91, 101, and 197] are **GRANTED** because the Court lacks jurisdiction over the entire action under the *Rooker-Feldman* doctrine;

4. The Amended Complaint [Docket No. 3] is **DISMISSED** with prejudice for lack of jurisdiction.

5. All other pending motions in this action [Docket Nos. 47, 59, 108, 114, 117, 124, 128, 150, 192, 207, 213, 215, and 231] are **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 11, 2025
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge